UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>BUCKINGHAM BROWNE & NICHOLS SCHOOL, et al.,<br><br>      Defendants. | Civil Action No.<br>25-10176-FDS |

### ORDER ON MOTION TO PROCEED UNDER A PSEUDONYM

**SAYLOR, C.J.**

This case involves a dispute over a COVID-19 vaccination requirement. The complaint alleges that the defendant, Buckingham Browne and Nichols School, denied re-enrollment to two students who refused to receive COVID-19 vaccines based on sincerely-held religious beliefs. The plaintiffs, parents of each of those two children, have moved to proceed under pseudonyms. (ECF 2). The motion will be denied.

There is a "strong presumption against the use of pseudonyms in civil litigation." *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022). Their use is generally only warranted in "exceptional cases." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022). The First Circuit has identified four paradigmatic situations in which proceeding under a pseudonym is appropriate, including when (1) there is a risk of "unusually severe harm," (2) identifying the plaintiffs would "harm non-parties," (3) it is "necessary to forestall a chilling effect on future litigants who may be similarly situated," or (4) the lawsuit is "bound up with a prior proceeding made confidential by law." *Id.* The court must balance the "the interests asserted by the movant

in favor of privacy against the public interest in transparency" in light of the totality of the circumstances. *Id.* at 72.

Plaintiffs have not shown that they fall into any of the *Doe* paradigms. They contend that they fall into the second category, because identifying the plaintiffs would incidentally disclose the identities of their children, who are non-parties. (ECF 2 at 3). According to plaintiffs, "disclosure of the true names of John and Jane Doe and Jack and Jill Roe would lead to the immediate disclosure of the true names of Sarah Doe and Joe Roe." (*Id.*). They further allege that the use of initials, either for themselves or for their children, would not prevent this revelation among "the tight-knit community" of the school. (*Id.* at 3-4).

But proceeding under a pseudonym must be justified by some substantial risk apart from the risk of disclosure. *See Doe*, 46 F.4th at 71. Lawsuits often involve revealing the identities of non-party participants in the dispute, and can implicate substantial amounts of private information related to those non-parties. The court has tools, such as sealing or redacting documents, to manage the privacy concerns of those involved. But merely revealing a person's identity, without more, does not establish the kind of harm that justifies bringing suit under a pseudonym.

Plaintiffs do not contend, nor does the complaint assert, that either they or their children are likely to suffer harm if others find out they have brought this lawsuit. Nor is there any allegation that such disclosure would chill others who are similarly situated, or that it would implicate the confidentiality of another proceeding. And, considering as a whole the circumstances of plaintiffs' claims, there is no reason independent of the *Doe* paradigms to allow plaintiffs to proceed under a pseudonym. *See Doe*, 46 F.4th at 72.

Accordingly, plaintiffs' motion to proceed under a pseudonym is DENIED. They are

directed to file a notice of their legal names and addresses no later than 14 days from the date of this order.

**So Ordered.**

Dated:  April 9, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court