IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 25-cv-10176

JOHN and JANE DOE, on behalf of themselves and their minor child SARAH DOE, and JACK and JILL ROE, on behalf of themselves and their minor child JOE ROE,
*Plaintiffs*

v.

BUCKINGHAM BROWNE & NICHOLS SCHOOL, a Massachusetts non-profit corporation, and JENNIFER PRICE, in her official capacity as Head of School,
*Defendants*

**PLAINTIFFS' MOTION FOR AN ORDER TO IMPOUND OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER**

**NOW COME** the plaintiffs in the above-captioned matter and hereby move this Court pursuant to Local Rule 7.2 for an Order providing that documents presently on file or to-be-filed in this action, which reveal the true identities of the plaintiffs, be impounded until further order of the Court, for good cause shown, as follows:

1. On April 9, 2025, this Court denied plaintiffs' *ex-parte* motion to proceed by pseudonym, ruling that plaintiffs had not met any of the four (4) paradigmatic situations in which proceeding under a pseudonym is appropriate pursuant to *Doe v. Massachusetts inst. of Tech.*, 46 F. 4th 61, 71 (1st Cir. 2022). Nevertheless, the Court did write on lines 13-14 of page 2 of its Order that it "has tools, such as sealing or redacting documents, to manage the privacy concerns of those involved."

2. Accordingly, plaintiffs now move the Honorable Court to impound all documents presently on file or to-be-filed, which reveal the true identities of the plaintiffs, or in the alternative, to issue a protective order requiring redaction of all information revealing plaintiffs' true identities and to prohibit or limit a nonparty's remote electronic access to all such revelatory documents filed with the Court.

3. Good cause exists to shield plaintiffs' true identities from public disclosure.

4. As alleged in the Complaint, both sets of parent-plaintiffs, John and Jane Doe and Jack and Jill Roe, historically sought exemptions from school immunization requirements on behalf of their minor children, as well as elected not to vaccinate their children against COVID-19. *See* Complaint ("Compl.") (Dkt. #1), ¶¶ 24, 27, 30-31.

5. "Medical information is…'universally presumed to be private, not public.'"*United States v. Kravetz*, 706 F.3d 47, 63 (1st Cir. 2013), citing *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003). Disclosing plaintiffs' true identities and thereby revealing their medical decisions with respect to immunizing or not immunizing their offspring and their rationales therefor, particularly with respect to COVID-19, may only serve to "gratify private spite or promote public scandal". *Id*., citing *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978). Accordingly, plaintiffs have a compelling and substantial interest in maintaining the privacy of the sensitive and confidential medical decisions they have made on behalf of their offspring, which outweighs the presumption of public access to court records in civil actions.

6. In particular with respect to COVID-19, plaintiffs, through their minor children, already suffered a litany of discriminatory harms and stigmatization that are emblematic of the good cause that exists for this Court to grant the relief plaintiffs hereby seek. Plaintiffs were informed by defendants, Buckingham Browne & Nichols School ("BBNS") and Jennifer Price ("Price"), that their children would be restricted from competing in athletics against certain schools due to being unvaccinated against COVID-19. Compl. at ¶¶ 39, 41. Defendants enacted policies during the 2021-2022 academic year that severely restrained plaintiffs' children's freedom of movement, association, and speech, which included segregating them during mealtimes and forbidding them from speaking. *Id*. at ¶¶ 58-61. Additionally, defendants enforced a mandatory masking requirement against plaintiffs' minor children, in violation of federal statutes governing Emergency Use Authorization medical products. *Id*. at ¶¶ 63-86. Disclosure of the true identities of plaintiffs and, by extension, their minor children who, in the case of Sarah Doe, is on the precipice of applying for college admission, would cause further psychological trauma and deepen the injuries that they have already endured. *Id*. at ¶¶ 3, 82-83, 141.

7. It is axiomatic that COVID-19, and in particular the response of private and public institutions thereto, caused vast division in society. In Boston, for example, choosing not to become vaccinated against COVID-19 was so universally condemned by officialdom that the unvaccinated were exiled from indoor dining, bars, nightclubs, fitness centers and entertainment venues.[1] Secondary schools, such as BBNS, denied

---

[1] https://www.wcvb.com/article/massachusetts-covid-vaccine-passport-digital-identification-jan-10-2022/38710655 (last accessed and archived Apr. 21, 2025).

re-enrollment to plaintiffs and those similarly situated on the basis of being unvaccinated against COVID-19 (*see, generally,* Compl.) and colleges and universities likewise denied admission to prospective students who were unvaccinated against COVID-19. Revealing the true identities of plaintiffs and, by extension, their minor children named in this lawsuit, would only serve to attach the societal stigma of being unvaccinated to plaintiffs' minor children and potentially scuttle their otherwise bright futures.

8. Moreover, the Civil Rules "already provide a categorical exception with respect to minors" named in litigation. *Doe*, 46 F.4th at 68-69. Fed. R. Civ. P. 5.2(a) states that "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains…the name of an individual known to be a minor…a party or nonparty making the filing may include only…the minor's initials". Total and public disclosure of the parent-plaintiffs' true identities, absent impoundment or a protective order, will automatically disclose the identities of the minor children named in the lawsuit, whether or not only the minors' initials are written.

9. In accordance with Local Rule 7.2(c), plaintiffs are respectfully withholding their submission of the notice filing containing their legal names and addresses, which the Court directed plaintiffs to file by April 23, 2025, until such a time as the Court rules on this motion.

In light of the foregoing, plaintiffs humbly submit to this Honorable Court that good cause exists for an Order providing that documents presently on file or to-be-filed in this action, which reveal the true identities of the plaintiffs, be impounded until further order of

the Court. Alternatively, plaintiffs respectfully request that the Court enter a protective order requiring the redaction of all information revealing the plaintiffs' true identities and prohibiting or limiting a nonparty's remote electronic access to all such documents filed with the Court.

|  |  |
|---|---|
| | Respectfully Submitted: |
| | JOHN and JANE DOE,<br>on behalf of themselves and<br>their minor daughter SARAH<br>DOE, and<br>JACK and JILL ROE, on<br>behalf of themselves and<br>their minor son JOE ROE, |
| | By their Attorneys, |
| | */s/ Patrick K. Daubert*<br>Patrick K. Daubert, Esq.<br>BBO#: 694802<br>DAUBERT LAW, PLLC<br>100 Independence Dr.<br>Suite 7-591<br>Hyannis, MA 02601<br>Tel: (508) 205-4350<br>Fax: (508) 437-0365 |
| **DATED:  April 22, 2025** | DaubertLaw@iCloud.com |
| | */s/ William E. Gens*<br>William E. Gens, Esq.<br>BBO#: 556595<br>Gens & Stanton, P.C.<br>12 Ericsson St., 2nd Fl.<br>Boston, MA 02122<br>billgens@genslawoffices.com<br>Tel: (617) 936-4591 |

## **CERTIFICATE OF SERVICE**

    I, Patrick K. Daubert, hereby certify that on the above date a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Patrick K. Daubert*
Patrick K. Daubert, Esq.
